IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

**WILLIAM M. BOSTER, JR.,**

     **Plaintiff,**

**v.**               **Civil Action No. 2:17-cv-03857**
                   **Judge John T. Copenhaver Jr.**

**TIAA, FSB,**

     **Defendant.**

### ORDER GRANTING DEFENDANT'S MOTION TO ENFORCE SETTLEMENT

On July 26, 2024, defendant TIAA, FSB ("TIAA") filed "Defendant's Motion to Enforce Settlement" [Dkt 186] ("Motion"). Plaintiff William M. Boster, Jr. ("Mr. Boster") responded to that Motion on August 9, 2024 [Dkt 187], and TIAA replied to that response on August 16, 2024 ("Reply") [Dkt 188]. By Order dated August 22, 2024 [Dkt 189], the Court directed the parties to file a stipulation of facts related to the Motion. On September 6, 2024, the parties filed the Stipulation of facts [Dkt 190]. On September 13, 2024, the Court held a hearing to address the Motion.

### Findings of Fact

The Court makes the following findings of fact:

1.  Mr. Boster and TIAA reached a settlement of all claims in this matter.

2.  That terms of the parties' settlement were embodied in the "Compromise, Settlement, and Release Agreement" ("Agreement"), which was attached as an exhibit to the Motion, Reply, and Stipulation.

3.  Mr. Boster agreed and assented to the terms in the Agreement as evidenced by his signature thereon.

4.    Pursuant to the parties' Agreement, Mr. Boster agreed to vacate the real property at issue ("Property") before 11:59 p.m. on June 3, 2024.

5.    Mr. Boster was personally aware of the June 3, 2024 deadline.

6.    The Agreement provided for TIAA to make two settlement payments of $17,500 per payment. [Dkt 190-1.]  The first settlement payment was to be made within seven business days of it receiving the signed Agreement from Mr. Boster.  The second settlement payment was to be made within seven business days of Mr. Boster vacating the Property.  The Agreement provided that, if Mr. Boster, *inter alia*, failed to vacate the Property by 11:59 p.m. on June 3, 2024, TIAA had no obligation to make the second settlement payment.

7.    The Agreement does not include a clause expressly stating that "time is of the essence."

8.    TIAA made the first $17,500 settlement payment.

9.    To date, Mr. Boster has not vacated the Property and still remains in that Property.

10.    At the September 13, 2024 hearing, Mr. Boster's counsel advised the Court that he had hand delivered a letter to Mr. Boster's residence advising him of the hearing and urging him to attend the hearing in person.  Despite these efforts, Mr. Boster did not appear for the hearing.

## Conclusions of Law

The Court makes the following conclusions of law:

1.    The law favors resolution of disputes by settlements.  *Rewalt v. Draper & Goldberg, PLLC*, Civil Action No. 3:06-0540, 2008 WL 2566957 (S.D.W. Va. June 24, 2000) (*quoting Floyd v. Watson*, 163 W. Va. 65, 68-69, 254 S.E.2d 687, 690 (1979) (citations omitted)).  "When considering a motion to enforce a settlement, the Court draws upon concepts of contract law."  *Weldon v. Hodge*, No. 3:16-7887, 2017 WL 4293403, *3 (S.D.W. Va. Sept. 27, 2017);

*Plumley v. Progressive Class Ins. Co.*, No. 2:11-00311, 2012 WL 1616686 (S.D.W. Va. May 8, 2012) (citation omitted).

2.    There must be a meeting of the minds on the settlement. *Weldon*, 2017 WL 4293403, *3 (*quoting Hensley v. Alcon Lab, Inc.*, 277 F.3d 535, 540 (4th Cir. 2002)). An offer by one party and an acceptance by the other shows the meeting of the minds to exist. *Miller v. Liberty Mut. Ins. Co.*, 393 F.Supp. 2d 399, 406 (2005) (*quoting Bailey v. Sewell Coal Co.*, 190 W. Va. 138, 140-41, 437 S.E.2d 448, 450-51 (1993)). The offer and acceptance can be shown by an actual settlement agreement or by "facts from which an agreement may be implied." *Id.*

3.    When the parties' intent is expressed in plain and unambiguous language in a settlement agreement, it is "not subject to judicial construction or interpretation but will be applied and enforced according to such intent." *Plumley*, 2012 WL 1616686, *3 (*quoting Mylan Laboratories Inc. v. American Motorists Ins. Co.*, 226 W. Va. 307, 313-14, 700 S.E.2d 518, 524-25 (2010)).

4.    The parties had a meeting of the minds on the fact that they reached a settlement and the terms of that settlement. The parties created the Agreement, and Mr. Boster executed that Agreement, confirming that there is no dispute that the parties reached a settlement or its terms.

5.    Because the Agreement confirms that the parties reached a settlement and confirms the terms of that settlement, the Court does not need to consider whether the parties' conduct confirms that settlement or its terms.

6.    The Agreement is clear and unambiguous. Pursuant to the Agreement, Mr. Boster agreed to vacate the Property by 11:59 p.m. on June 3, 2024. To date, he has not vacated the Property. Accordingly, he has breached the parties' Agreement, and TIAA is entitled to an Order enforcing that Agreement.

3

7.      In response to the Motion, Mr. Boster argues that the Agreement does not contain an express clause stating that time is of the essence.  [Dkt 187 p. 1.]  However, three months have passed since the departure date, and those three months have provided Mr. Boster with sufficient time to vacate the Property.  This argument does not justify denying the Motion.

8.      In response to the Motion, Mr. Boster also argues that TIAA's sole remedy for his failure to vacate the Property is to withhold the second settlement payment.  [Dkt 187 pp. 1-2.] The settlement term to which Mr. Boster refers states that, if Mr. Boster fails to vacate the Property by the departure date, TIAA has no obligation to make the second settlement payment.  Mr. Boster has waived any right to the second settlement payment by not vacating the Property by the departure date.  However, the Agreement is unambiguous, and it does not limit TIAA's remedy for his breach to only withholding the second settlement payment.  Accordingly, this argument does not justify denying the Motion.

**Order**

Based upon the above findings of fact and conclusions of law, TIAA's Motion is granted. It is hereby ordered as follows:

1.      Mr. Boster shall vacate the Property within 10 calendar days of the entry of this Order.

2.      TIAA is permitted to take possession of the Property after the expiration of 10 calendar days after the entry of this Order.  At that time, TIAA may remove and dispose of any personal property that is still remaining in the Property and may secure the Property.

3.      TIAA may conduct the foreclosure sale regarding the Property at any time after the expiration of 10 calendar days after the entry of this Order.

4.    Mr. Boster has waived any right to the second settlement payment contemplated by the parties' Agreement, and TIAA is under no obligation to make that payment.

Mr. Boster's objections to the rulings herein are preserved for the record.  The parties shall file a status report with respect to Mr. Boster's compliance with this order to vacate the Property on or before October 20, 2024.

Entered this  19th  day of September, 2024.

Judge John T. Copenhaver Jr.

Prepared by:

/s/ Nicholas P. Mooney II
Nicholas P. Mooney II (WV Bar No. 7204)
Spilman Thomas & Battle, PLLC
P.O. Box 273
Charleston, WV  25321
Phone: (304) 340-3800
Fax: (304) 340-3801
Email: nmooney@spilmanlaw.com
**Counsel for TIAA, FSB f/k/a Everbank**

Reviewed as to form by:

/s/ Bren J. Pomponio
Bren J. Pomponio (WV Bar No. 7774)
Mountain State Justice, Inc.
1217 Quarrier Street
Charleston, WV 25301
Phone: (304) 344-3144
Fax: (304) 344-3144
Email: bren@msjlaw.org
**Counsel for Plaintiff William Boster**